**WEI CHANG LIN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 05–5264–ag.

United States Court of Appeals, Second Circuit.

Aug. 10, 2006.

Gregory Marotta, Belle Mead, New Jersey, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney, Claude Hippard, Assistant United States Attorney, Houston, Texas, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Wei Chang Lin (A 77 322 627), through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Noel Anne Ferris's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an order that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). This Court reviews *de novo* questions of law regarding "what evidence will suffice to carry an asylum applicant's burden of proof." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005) (internal quotation marks omitted). This Court reviews agency findings of fact under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ The Fifth Amendment's "Due Process Clause applies to all 'persons' within the United States, including aliens ..." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). In order to make a showing of a violation of due process, the applicant must show that he was denied a full and fair opportunity to present his claims or otherwise deprived of fundamental fairness. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 155 (2d Cir.2006). An alien "shall have a reasonable opportunity ... to present evidence on the alien's own behalf," 8 U.S.C. § 1229a(b)(4)(B), and an IJ's evidentiary rulings must comport with due process, *see Secaida–Rosales v. INS*, 331 F.3d 297, 306 n. 2 (2d Cir.2003). In this case, Lin argues that the IJ violated his right to due process by prohibiting one of Lin's witnesses, a priest who had previously lived in China, from testifying about problems experienced by underground churches in China. Lin contends that Reverend Ming's testimony on underground churches in China was relevant and probative, and would have aided the IJ in making her decision. We agree.

Reverend Ming testified that the Roman Catholic church in Beijing was an under-

**68**

ground church, which was not sanctioned by the government. The IJ noted for the record that Lin's counsel did not put the Court on notice that Reverend Ming was an expert witness on the state of religion in China, prohibited Reverend Ming from testifying about his experiences in China before coming to the United States because his affidavit did not mention his experiences before coming to the United States, and discussed the necessity of reviewing Ming's A file in order to appropriately certify him as an expert witness. However, Ming's affidavit included a reference to his participation in an underground Catholic church in China, shortly after his ordination and before he departed for the United States. Additionally, Lin's attorney sought to question Ming regarding his personal experiences as a pastor of an underground church, not regarding the general state of religion in China. Because this information was relevant and probative to Lin's claim of persecution on account of his affiliation with and participation in an underground Catholic church in China, the IJ erroneously prohibited further testimony, and deprived Lin of a full and fair opportunity to present his claim.

■ The IJ also erred in faulting Lin for failing to adequately corroborate his claim that authorities sought his arrest in China, and actually detained his mother for 15 days. "[I]f [an IJ] intends to rely on the absence of certain corroborative evidence to hold that an applicant has not satisfied his burden of proof, [the IJ] must give the applicant an opportunity to explain its absence." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 394–95 (2d Cir.2005). Here, the IJ never made clear to Lin what evidence she would have considered sufficient to prove that the authorities had sought his arrest in China or that his foster mother had been detained for 15 days, and never gave Lin an opportunity to explain the absence of such documents,

and was thus unreasonable in relying on such lack of corroborating evidence in finding that Lin failed to meet his burden of proof.

■ Because he failed to raise his CAT claim before the BIA, Lin is prohibited from arguing it before this Court. *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005) (holding that 8 U.S.C. § 1252(d)(1) bars "the consideration of bases for relief that were not raised below, and of general issues that were not raised below, but not of specific, subsidiary legal arguments, or arguments by extension, that were not made below").

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order.